1   DONNA M. MELBY (SB# 86417)
    donnamelby@paulhastings.com
2   JENNIFER S. BALDOCCHI (SB# 168945)
    jenniferbaldocchi@paulhastings.com
3   JI HAE KIM (SB# 275020)
    jihaekim@paulhastings.com
4   PAUL HASTINGS LLP
    515 South Flower Street, Twenty-Fifth Floor
5   Los Angeles, CA  90071-2228
    Telephone:  1(213) 683-6000
6   Facsimile:  1(213) 627-0705

7   GARY T. LAFAYETTE (SB# 088666)
    glafayette@lkclaw.com
8   LAFAYETTE & KUMAGAI LLP
    101 Mission Street, Suite 600
9   San Francisco, CA 94105-1738
    Telephone:  1(415) 357-4600
10  Facsimile:  1(415) 357-4605

11  *Related cases listed on next page.*

12  Attorneys for Defendants
    UNITED AIRLINES, INC.;
13  AND CONTINENTAL AIRLINES, INC.

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16  DARRYL WILSON, an individual        CASE NO. 3:15-CV-00472-VC

17              Plaintiff,              [~~PROPOSED~~] PROTECTIVE ORDER
                                        FOR STANDARD LITIGATION
18       vs.
                                        Courtroom:    4
19  UNITED AIRLINES, INC.; CONTINENTAL  Judge:        Hon. Vince Chhabria
    AIRLINES, INC.; and DOES 1-10,
20                                      Complaint filed:     May 29, 2012
                Defendants.            FAC filed:           July 20, 2012
21                                      SAC filed:           November 30, 2012
                                        TAC filed:           May 20, 2013
22                                      Corrected TAC filed: June 21, 2013
                                        4AC filed:           January 3, 2014
23                                      5AC filed:           March 2, 2015
                                        6AC filed:           June 30, 2015
24

25

26

27

28

1 | *Related cases:*

2 | Johnson, Eldridge v. United Airlines, Inc., et al. 3:12-cv-02730-VC
Miller, Leon v. United Airlines, Inc. et al. 3:15-cv-00457 VC

3 | Palmer, Xavier v. United Airlines, Inc. et al. 3:15-cv-00458 VC
Montgomery, Kenneth v. United Airlines, Inc. et al. 1:15-cv-00697 LMB JFA

4 | Gadson, Annette v. United Airlines, Inc. et al. 2:15-cv-03642 MCA MAH
Noble, Paul C. v. United Airlines, Inc. et al. 3:15-cv-00461 VC

5 | Jones Jr., Johnnie E. v. United Airlines, Inc. et al. 3:15-cv-00462 VC
Roane, Glen v. United Airlines, Inc. et al. 3:15-cv-00464 VC

6 | Ricketts, David v. United Airlines, Inc. et al. 3:15-cv-00465 VC
Tom, Lester v. United Airlines, Inc. et al. 3:15-cv-00466 VC

7 | Crocker, Sal v. United Airlines, Inc. et al. 3:15-cv-00468 VC
Manswell, Anthony v. United Airlines, Inc. et al. 3:15-cv-00469 VC

8 | Minter, Karl v. United Airlines, Inc. et al. 3:15-cv-00470 VC
Washington, Erwin v. United Airlines, Inc. et al. 4:15-cv-00471 VC

9 | Sherman, Leo v. United Airlines, Inc. et al. 3:15-cv-00473 VC
Haney, Ken v. United Airlines, Inc. et al. 3:15-cv-00474 VC

10 | John, Richard v. United Airlines, Inc. et al. 3:15-cv-00475 VC
Briscoe, Odie v. United Airlines, Inc. et al. 3:15-cv-00476 VC

11 | Hartsfield, Terrence v. United Airlines, Inc. et al. 3:15-cv-00477 VC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER FOR
STANDARD LITIGATION

1    1.       PURPOSES AND LIMITATIONS

2            Disclosure and discovery activity in this action are likely to involve production of

3 confidential, proprietary, or private information for which special protection from public

4 disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5 The parties acknowledge that this Order does not confer blanket protections on all disclosures or

6 responses to discovery and that the protection it affords from public disclosure and use extends

7 only to the limited information or items that are entitled to confidential treatment under the

8 applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below,

9 that this Stipulated Protective Order does not entitle them to file confidential information under

10 seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that

11 will be applied when a party seeks permission from the court to file material under seal.

12    2.       DEFINITIONS

13          2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

14 information or items under this Order.

15          2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

16 generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

17 of Civil Procedure 26(c).

18          2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as

19 well as their support staff).

20          2.4    Designating Party:  a Party or Non-Party that designates information or items that

21 it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

22          2.5    Disclosure or Discovery Material:  all items or information, regardless of the

23 medium or manner in which it is generated, stored, or maintained (including, among other things,

24 testimony, transcripts, and tangible things), that are produced or generated in disclosures or

25 responses to discovery in this matter.

26          2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to

27 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

28 consultant in this action.

CASE NO. 3:15-CV-00472-VC

[PROPOSED] PROTECTIVE ORDER FOR
STANDARD LITIGATION

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Attorneys' Eyes Only Information or Items:  CONFIDENTIAL Information that the Designating Party reasonably and in good faith determines to be highly sensitive, such that disclosure could result in irreparable harm or injury to the Designating Party or the Producing Party, or which the designating Party in good faith believes contains highly sensitive information, including but not limited to trade secrets or other confidential research, development, financial or other commercial information or privileged information.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material;

[PROPOSED] PROTECTIVE ORDER FOR
STANDARD LITIGATION

1    (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

2    conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3    However, the protections conferred by this Stipulation and Order do not cover the following

4    information: (a) any information that is in the public domain at the time of disclosure to a

5    Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

6    a result of publication not involving a violation of this Order, including becoming part of the

7    public record through trial or otherwise; and (b) any information known to the Receiving Party

8    prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

9    obtained the information lawfully and under no obligation of confidentiality to the Designating

10   Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

11   4.    <u>DURATION</u>

12        Even after final disposition of this litigation, the confidentiality obligations imposed by

13   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

14   order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

15   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

16   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

17   including the time limits for filing any motions or applications for extension of time pursuant to

18   applicable law.

19   5.    <u>DESIGNATING PROTECTED MATERIAL</u>

20        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party

21   or Non-Party that designates information or items for protection under this Order must take care

22   to limit any such designation to specific material that qualifies under the appropriate standards.

23   The Designating Party must designate for protection only those parts of material, documents,

24   items, or oral or written communications that qualify – so that other portions of the material,

25   documents, items, or communications for which protection is not warranted are not swept

26   unjustifiably within the ambit of this Order.

27        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

28   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

CASE NO. 3:15-CV-00472-VC

[PROPOSED] PROTECTIVE ORDER FOR
STANDARD LITIGATION

1    unnecessarily encumber or retard the case development process or to impose unnecessary

2    expenses and burdens on other parties) expose the Designating Party to sanctions.

3        If it comes to a Designating Party's attention that information or items that it designated

4    for protection do not qualify for protection,  that Designating Party must promptly notify all other

5    Parties that it is withdrawing the mistaken designation.

6        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

7    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

8    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

9    designated before the material is disclosed or produced.

10        Designation in conformity with this Order requires:

11        (a)    for information in documentary form (e.g., paper or electronic documents,

12    but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

13    Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"  to each page that

14    contains protected material. If only a portion or portions of the material on a page qualifies for

15    protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

16    appropriate markings in the margins).  A Party or Non-Party that makes original documents or

17    materials available for inspection need not designate them for protection until after the inspecting

18    Party has indicated which material it would like copied and produced. During the inspection and

19    before the designation, all of the material made available for inspection shall be deemed

20    "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

21    the documents it wants copied and produced, the Producing Party must determine which

22    documents, or portions thereof, qualify for protection under this Order. Then, before producing

23    the specified documents, the Producing Party must affix the "CONFIDENTIAL" or the

24    "ATTORNEYS' EYES ONLY"  legend to each page that contains Protected Material. If only a

25    portion or portions of the material on a page qualifies for protection, the Producing Party also

26    must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

27    margins).

28

-4-

[PROPOSED] PROTECTIVE ORDER FOR
STANDARD LITIGATION

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."   If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY OR ATTORNEYS' EYES ONLY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other

1   forms of communication are not sufficient) within 14 days of the date of service of notice. In

2   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

3   designation was not proper and must give the Designating Party an opportunity to review the

4   designated material, to reconsider the circumstances, and, if no change in designation is offered,

5   to explain the basis for the chosen designation. A Challenging Party may proceed to the next

6   stage of the challenge process only if it has engaged in this meet and confer process first or

7   establishes that the Designating Party is unwilling to participate in the meet and confer process in

8   a timely manner.

9       6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

10   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

11   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

12   of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

13   process will not resolve their dispute, whichever is later.  Each such motion must be accompanied

14   by a competent declaration affirming that the movant has complied with the meet and confer

15   requirements imposed in the preceding paragraph. Failure by the Designating Party to make such

16   a motion including the required declaration within 21 days (or 14 days, if applicable) shall

17   automatically waive the confidentiality designation for each challenged designation. In addition,

18   the Challenging Party may file a motion challenging a confidentiality designation at any time if

19   there is good cause for doing so, including a challenge to the designation of a deposition

20   transcript or any portions thereof. Any motion brought pursuant to this provision must be

21   accompanied by a competent declaration affirming that the movant has complied with the meet

22   and confer requirements imposed by the preceding paragraph.

23       The burden of persuasion in any such challenge proceeding shall be on the Designating

24   Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

25   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

26   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

27   file a motion to retain confidentiality as described above, all parties shall continue to afford the

28

[PROPOSED] PROTECTIVE ORDER FOR
STANDARD LITIGATION

material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

[PROPOSED] PROTECTIVE ORDER FOR STANDARD LITIGATION

1    (f)    during their depositions, witnesses in the action to whom disclosure is

2    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

3    (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

4    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

5    separately bound by the court reporter and may not be disclosed to anyone except as permitted

6    under this Stipulated Protective Order.

7    (g)    the author or recipient of a document containing the information or a

8    custodian or other person who otherwise possessed or knew the information.

9    7.3    Disclosure of "ATTORNEYS' EYES ONLY" Information or Items:  Unless

10   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

11   Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

12   (a)    The Receiving Party's Counsel of Record in this action, as well as

13   employees of said Counsel of Record to whom it is reasonably necessary to disclose the

14   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

15   Bound" (Exhibit A);

16   (b)    Defendants' in-house or outside counsel as well as its staff to who it is

17   reasonably necessary to disclose the information for this litigation;

18   (c)    Experts (as defined in this Order) of the Receiving Party to whom

19   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

20   and Agreement to Be Bound" (Exhibit A);

21   (d)    The court and its personnel;

22   (e)    Court reporters and their staff, professional jury or trial consultants, mock

23   jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

24   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25   (f)    The author or recipient of a document containing the information or a

26   custodian or other person who otherwise possessed or knew the information.

27

28

-8-                    [PROPOSED] PROTECTIVE ORDER FOR
                                                                    STANDARD LITIGATION

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

       LITIGATION

       If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY,"  that Party must:

       (a)     promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

       (b)     promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Protective Order. Such notification shall include a copy of this Stipulated

Protective Order; and

       (c)     cooperate with respect to all reasonable procedures sought to be pursued by

the Designating Party whose Protected Material may be affected.

       If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from

which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission. The Designating Party shall bear the burden and expense of seeking protection in that

court of its confidential material – and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

       LITIGATION

       (a)     The terms of this Order are applicable to information produced by a Non-

Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

Such information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order. Nothing in these provisions should be construed as

prohibiting a Non-Party from seeking additional protections.

[PROPOSED] PROTECTIVE ORDER FOR
STANDARD LITIGATION

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

9.2     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

CASE NO. 3:15-CV-00472-VC

[PROPOSED] PROTECTIVE ORDER FOR STANDARD LITIGATION

1    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

2           MATERIAL

3           When a Producing Party gives notice to Receiving Parties that certain inadvertently

4    produced material is subject to a claim of privilege or other protection, the obligations of the

5    Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

6    provision is not intended to modify whatever procedure may be established in an e-discovery

7    order that provides for production without prior privilege review. Pursuant to Federal Rule of

8    Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

9    communication or information covered by the attorney-client privilege or work product

10   protection, the parties may incorporate their agreement in the stipulated protective order

11   submitted to the court.

12   12.    MISCELLANEOUS

13          12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

14   seek its modification by the court in the future.

15          12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

16   Order no Party waives any right it otherwise would have to object to disclosing or producing any

17   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

18   Party waives any right to object on any ground to use in evidence of any of the material covered

19   by this Protective Order.

20          12.3    Filing Protected Material.  Without written permission from the Designating Party

21   or a court order secured after appropriate notice to all interested persons, a Party may not file in

22   the public record in this action any Protected Material. A Party that seeks to file under seal any

23   Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

24   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

25   issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

26   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

27   otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

28   Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the

1   Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e)

2   unless otherwise instructed by the court.

3   13.     FINAL DISPOSITION

4           Within 60 days after the final disposition of this action, as defined in paragraph 4, each

5   Receiving Party must return all Protected Material to the Producing Party or destroy such

6   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

7   compilations, summaries, and any other format reproducing or capturing any of the Protected

8   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

9   submit a written certification to the Producing Party (and, if not the same person or entity, to the

10  Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

11  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

12  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

13  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

14  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

15  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

16  product, and consultant and expert work product, even if such materials contain Protected

17  Material. Any such archival copies that contain or constitute Protected Material remain subject to

18  this Protective Order as set forth in Section 4 (DURATION).

19

20  **IT IS SO ORDERED.**

21

22  DATED: __August 24, 2015__          _____

23                                      HON. VINCE CHHABRIA
                                        United States District Judge

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER FOR
                                                STANDARD LITIGATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of _____ [insert formal name of

the case and the number and initials assigned to it by the court]. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1
2
LEGAL_US_W # 82754463.1
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-14-
[PROPOSED] PROTECTIVE ORDER FOR
STANDARD LITIGATION