DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JENNIFER S. BALDOCCHI (SB# 168945)
jenniferbaldocchi@paulhastings.com
JI HAE KIM (SB# 275020)
jihaekim@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

GARY T. LAFAYETTE (SB# 088666)
glafayette@lkclaw.com
LAFAYETTE & KUMAGAI LLP
101 Mission Street, Suite 600
San Francisco, CA 94105-1738
Telephone: 1(415) 357-4600
Facsimile: 1(415) 357-4605

Attorneys for Defendants
UNITED AIRLINES, INC.;
AND CONTINENTAL AIRLINES, INC.

*Related cases listed on next page.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRYL WILSON, an individual

Plaintiff,

vs.

UNITED AIRLINES, INC.; CONTINENTAL AIRLINES, INC.; and DOES 1-10,

Defendants.

CASE NO. 3:15-CV-00472-VC

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: July 7, 2016
Time: 1:30 p.m.
Courtroom: 4
Judge: Hon. Vince Chhabria

Complaint filed: May 29, 2012
FAC filed: July 20, 2012
SAC filed: November 30, 2012
TAC filed: May 20, 2013
Corrected TAC filed: June 21, 2013
4AC filed: January 3, 2014
5AC filed: March 2, 2015
6AC filed: June 30, 2015
7AC filed: January 10, 2016
Corrected 7AC filed: January 21, 2016

*Related cases:*

Johnson, Eldridge v. United Airlines, Inc., et al. 3:12-cv-02730-VC
Miller, Leon v. United Airlines, Inc. et al. 3:15-cv-00457 VC
Palmer, Xavier v. United Airlines, Inc. et al. 3:15-cv-00458 VC
Noble, Paul C. v. United Airlines, Inc. et al. 3:15-cv-00461 VC
Jones Jr., Johnnie E. v. United Airlines, Inc. et al. 3:15-cv-00462 VC
Roane, Glen v. United Airlines, Inc. et al. 3:15-cv-00464 VC
Ricketts, David v. United Airlines, Inc. et al. 3:15-cv-00465 VC
Tom, Lester v. United Airlines, Inc. et al. 3:15-cv-00466 VC
Crocker, Sal v. United Airlines, Inc. et al. 3:15-cv-00468 VC
Manswell, Anthony v. United Airlines, Inc. et al. 3:15-cv-00469 VC
Minter, Karl v. United Airlines, Inc. et al. 3:15-cv-00470 VC
Washington, Erwin v. United Airlines, Inc. et al. 3:15-cv-00471 VC
Sherman, Leo v. United Airlines, Inc. et al. 3:15-cv-00473 VC
Haney, Ken v. United Airlines, Inc. et al. 3:15-cv-00474 VC
John, Richard v. United Airlines, Inc. et al. 3:15-cv-00475 VC
Briscoe, Odie v. United Airlines, Inc. et al. 3:15-cv-00476 VC
Hartsfield, Terrence v. United Airlines, Inc. et al. 3:15-cv-00477 VC

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF DARRYL WILSON AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 7, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, 94102 before the Honorable Vince Chhabria, Defendants United Airlines, Inc. and Continental Airlines, Inc. (collectively "Defendants" or "United") will and hereby do move this Court for an order pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404 that venue of the Corrected Seventh Amended Complaint ("7AC") should be transferred for the convenience of the parties and witnesses, and in the interests of justice. Specifically, United requests that this case be transferred to the U.S. District Court for the Eastern District of Virginia, where venue is both proper and convenient and where Plaintiff is based.

This motion is based upon this Notice and Memorandum of Points and Authorities in support thereof; the declarations of Chad Melby ("C. Melby Decl.") and Bryan Quigley ("B. Quigley Decl."); the Court's record in this action; the record in *Johnson v. United Continental Holdings, Inc.*, Case No. 3:12-cv-02730-MMC; all matters of which the Court may take judicial notice; and such documentary and oral evidence as may be presented at or before the hearing on this motion.

DATED: June 2, 2016

PAUL HASTINGS LLP

By: /s/ Donna M. Melby
DONNA M. MELBY

Attorneys for Defendants
UNITED AIRLINES, INC.
AND CONTINENTAL AIRLINES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Darryl Wilson's lawsuit should proceed in the Eastern District of Virginia ("Eastern District"), not here. Venue is proper there: Wilson works there, and the facts and circumstances surrounding Wilson's alleged claims arise primarily out of his experiences there. The Eastern District is more convenient for everyone involved—Wilson, United, and the relevant witnesses—and the evidence is predominantly in that District. Time, expense, and waste of resources will be the result of a decision not to transfer, with the disproportionate burden of all of it, once again, falling upon one party, United.

Wilson will likely emphasize the fact that he chose to bring this suit in the Northern District and that he applied to one or two positions in this District. These facts should be given little weight in light of the consideration of the entire scope of Wilson's allegations.

First, a plaintiff's choice of forum is routinely given minimal consideration where that plaintiff does not reside in the district and where most of the events occurred elsewhere—as is the case here. "If a plaintiff does not reside within the chosen forum, the 'plaintiff's choice of forum is accorded less weight' than the standard 'substantial weight.'" *Hawkes v. Hewlett-Packard Co.*, CV-10-05957-EJD, 2012 WL 506569, at *4 (N.D. Cal. Feb. 15, 2012) (citation omitted).

Second, only *two* of Wilson's *ten* alleged applications have any conceivable connection to this District, and one of those two applications was for a position primarily based in Chicago, Illinois. B. Quigley Decl. ¶ 4. Further, Wilson's intentionally vague special assignment allegations have no bearing on this District. C. Melby Decl. ¶ 31. Taken together, it is clear that Wilson's case has only a thin connection to the Northern District of California, compared to the overwhelming connection to the Eastern District of Virginia where the case should logically be transferred. Wilson's claims are intimately connected to that forum, where he should have filed his lawsuit in the first place, instead of misjoining it with twenty-two others in this District. Accordingly, pursuant to 28 U.S.C. §1404(a), the Court is urged to transfer this case to the Eastern District of Virginia where it belongs.

## II. FACTUAL BACKGROUND

Wilson is employed by United Airlines as a Captain who is based at a specific airport location: Dulles International Airport ("Dulles Airport"), in Dulles, Virginia. 7AC ¶ 48; C. Melby Decl. ¶ 17.[1] Dulles Airport is located within the U.S. District Court for the Eastern District of Virginia. Wilson resides in Roswell, Georgia. C. Melby Decl. ¶ 17.

Wilson's 7AC alleges that special assignments were purportedly "doled out" to white pilots instead of African American pilots. *See* 7AC ¶¶ 24-33, 37, 39, 44, 50-55, and 66. However, absent an out of the ordinary, particular, and articulated operational need, which may infrequently arise depending upon specific facts and circumstances uniquely surrounding a particular special assignment, a pilot based at Dulles Airport would not ordinarily be a candidate for placement into any particular special assignment at the San Francisco Airport. C. Melby Decl. ¶ 31. In fact, in order to avoid this unnecessary expense and logistical challenge, United makes every effort to avoid relocating a pilot from his or her assigned base to fill a special assignment at another base. C. Melby Decl. ¶ 31. Therefore, Wilson's allegations pertaining to special assignments have no connection to the Northern District of California.

Further, no records relevant to Wilson are stored in the Northern District. C. Melby Decl. ¶ 23. Wilson's personnel file is maintained and administered at the Dulles airport, where Wilson is based. C. Melby Decl. ¶ 21. That file includes information regarding his background and training, compensation, performance history, assignments at United, job experience, and educational background. C. Melby Decl. ¶ 18. The Dulles Airport personnel file is the only hard copy file regarding Wilson's employment and is the most complete set of employment records for Wilson. C. Melby Decl. ¶ 18. In addition, any documents pertaining to Wilson's applications are not in California. C. Melby Decl. ¶ 23.

Finally, Wilson's alleged applications have little connection to the Northern District. Wilson alleges that he applied to ten positions. 7AC ¶ 64. However, only one of these ten applications is alleged to be for a position that had a certain connection to San Francisco.

---

[1] The words "domicile" and "base" share the same meaning and are used interchangeably.

7AC ¶ 64(e). An additional application was for a "Flight Operations Duty Manager [or 'FODM'] position" allegedly "based in San Francisco," but that position has only a remote, if any, connection to San Francisco. 7AC ¶ 64(f). That FODM position required the recipient to be based in Chicago, Illinois and to work out of Chicago for most of the month. B. Quigley ¶ 4. At most, FODMs may have worked out of the San Francisco Airport approximately three days a month. B. Quigley Decl. ¶ 4. By approximately mid-2013, it was no longer part of any FODM's job duties to work for any amount of time in a domicile flight office, and therefore, FODMs did not (and do not currently) work out of any California domicile flight office as part of their FODM job duties. B. Quigley Decl. ¶ 5. The eight other applications alleged—with clearly no connection to the Northern District—are admittedly scattered across the country in places far from California, such as Houston, Chicago, Denver, and the Northeast Region.[2] *See* 7AC ¶ 64(a)-(f). Accordingly, the fact that Wilson allegedly applied to one position with a direct connection to San Francisco is not enough to outweigh the overwhelming evidence that the interests of justice dictate that the Eastern District of Virginia is the more convenient forum.

## III. THIS CASE SHOULD BE TRANSFERRED FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES

The Court is empowered to transfer this lawsuit to any judicial district in which it could have originally been filed. 28 U.S.C. § 1404(a). In considering whether to transfer venue to a district where a case could have been brought, courts have considered several factors, including: "(1) Plaintiff's choice of forum; (2) the convenience of the parties and witnesses; (3) the ease of access to the evidence; and (4) the interest of justice." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013). "The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate." *Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 774 (N.D. Cal. 2015) (citation omitted). Here, the pertinent factors weigh strongly in favor of a transfer.

[2] An Assistant Chief Pilot based in the Northeast Region would work out of Dulles Airport. C. Melby Decl. ¶ 32; *see* 7AC ¶ 64(e).

**A. <u>Venue Is Proper In The Eastern District Of Virginia Under The Title VII Venue Statute</u>**

Under the applicable Title VII venue statute, venue is proper: (a) in any district in the state where the alleged unlawful employment practice occurred or was purportedly felt, (b) in the district where the relevant employment records are maintained and administered, or (c) in the district where the plaintiff would have worked but for the challenged employment practice. 42 U.S.C. § 2000e-5(f)(3).

Venue is proper in the Eastern District of Virginia because it is the judicial district in which Wilson works and thus where he allegedly felt the effects of any unlawful conduct. *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 505 (9th Cir. 2000). It is also where Wilson's employment records are maintained and administered. C. Melby Decl. ¶ 21. Moreover, it is where Wilson would have worked but for some of the alleged unlawful employment actions. *See, e.g.*, 7AC ¶¶ 29, 31, 33, and 64(e).

**B. <u>Wilson's Forum Choice Should Be Given Little Weight</u>**

Wilson's choice of forum has minimal significance because he does not work or reside in this District and the majority of the relevant events alleged took place elsewhere. "If a plaintiff does not reside within the chosen forum, the 'plaintiff's choice of forum is accorded less weight' than the standard 'substantial weight.'" *Hawkes*, 2012 WL 506569, at *4 (citation omitted); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum [selected by the plaintiff] and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." (citation omitted)).

**C. <u>Transfer Will Promote The Convenience Of Parties And Witnesses, The Ease Of Access To Evidence, And The Interests Of Justice Because The Locus Of Persons And Events In The Complaint Is In The Eastern District Of Virginia</u>**

The facts and circumstances surrounding Wilson's claims arise primarily out of his experiences in Dulles, Virginia—which is found in the Eastern District of Virginia. Wilson cannot reasonably dispute that the Eastern District of Virginia is more convenient for him because

he is based at the Dulles Airport. If the litigation remains in the Northern District, Wilson will have to make numerous costly and inconvenient trips far from his workplace and home.[3]

Further, it would be significantly more convenient and less disruptive to witnesses and United's operations if the case were litigated in the Eastern District of Virginia. "[C]onvenience of witnesses is often the most important factor in resolving a motion to transfer." *Park*, 964 F. Supp. 2d at 1095 (citations omitted). If this case is transferred to the Eastern District, witnesses at Wilson's assigned airport in Dulles, such as James Simons, who is identified in United's initial disclosures, will have minimal in-state travel, eliminating air travel costs and lodging, and minimizing time spent out of work. 7AC ¶ 48; C. Melby Decl. ¶¶ 3 and 17 (Wilson is domiciled at Dulles Airport; pilots report to a Chief Pilot and/or Assistant Chief Pilots in their domicile).

In contrast, if the matter remains in the Northern District these witnesses will be required to travel across the country, resulting in a great inconvenience for witnesses for both sides, with the time, expense, and workplace disruption of litigating in the wrong forum falling disproportionately on United.[4] Those witnesses, including managers based at a flight office across the country, have important jobs. Every day that they are forced to leave the operation to travel thousands of miles to California will negatively impact United's airport operations, and, by extension, has the potential to disrupt customer service, all to the detriment of the business and those who are critical to running it. If this case goes to trial, these witnesses, who manage hundreds of pilots, will be pulled from their jobs for significant periods of time, resulting in a massive burden on United's operations. Further, United will be forced to expend considerable and unnecessary time and money on transportation, lodging, meals, and other expenses. The Dulles Airport witnesses will use seats on United's airplanes that would otherwise be sold to paying passengers, resulting in travel costs that negatively impact United's bottom line.

---

[3] Under United's travel policy, Wilson is not permitted to use travel benefits for air travel related to this case.

[4] Notably, of the fourteen individuals identified in Wilson's initial disclosures and the eight additional individuals identified in United's initial disclosures, *none* are based in California, while one, James Simons, is based in Dulles. C. Melby Decl. ¶ 34.

Accordingly, it is indisputable that the convenience of the parties and witnesses weighs in favor of transfer to the Eastern District of Virginia.

Similarly, the Eastern District is most convenient when consideration is given to ease of access to evidence and the overall interests of justice. First, the primary sources of proof are found in and around Dulles, Virginia—including Wilson, other witnesses working at the Dulles Airport, and Wilson's personnel file. 7AC ¶ 48; C. Melby Decl. ¶¶ 17 and 21 (Wilson is based in Dulles; Wilson's personnel file is located in Dulles). Second, the Eastern District of Virginia has a stronger interest in this case because many of the allegations in this lawsuit supposedly occurred in that District, and it should have the chance to let its courts and jurors pass upon those allegations. 7AC ¶¶ 29, 31, 33, and 64(e) (special assignment allegations only relevant at Wilson's base and Wilson allegedly applied to a position that would have been based at Dulles Airport); *see, e.g., Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106, 1109-10 (N.D. Cal. 2001) (district where events took place had greater interest); *see also Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1245 (S.D. Cal. 2013) (finding it "unreasonable" to burden residents of the plaintiff's chosen forum "by requiring that they sit on a jury to resolve claims" unrelated to the forum). Last but certainly not least, the interests of justice are served by the elimination or minimization of business disruption, time and expense of travel and lodging, and any failure to conserve resources, none of which will be achieved without transfer.

Wilson's lawsuit was not filed in the Northern District because it is convenient to him or to the witnesses. Misjoining his case with twenty-two others, many of which also do not belong in the Northern District, should not fairly or reasonably result in disproportionate business disruption and expense to United, the certain result of failure to transfer. The interests of justice weigh strongly in favor of a transfer to the Eastern District of Virginia.

## IV. CONCLUSION

For the foregoing reasons, United respectfully submits that the Court should grant its motion to transfer this case to the U.S. District Court of the Eastern District of Virginia, where venue is both proper and considerably more convenient.

DATED: June 2, 2016

PAUL HASTINGS LLP

By: /s/ Donna M. Melby
DONNA M. MELBY

Attorneys for Defendants
UNITED AIRLINES, INC.; AND
CONTINENTAL AIRLINES, INC.

-7-

CASE NO. 3:15-CV-00472-VC

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER