1
2
3
4
5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8    RICHARD JOHN,                          Case No.15-cv-00475-VC  (JSC)

            Plaintiff,
9
                                            **DISCOVERY ORDER**
10          v.

11   UNITED AIR LINES, INC., et al.,

            Defendants.
12

13

14   DARRYL WILSON,                         Case No.15-cv-00472-VC  (JSC)

            Plaintiff,
15
            v.
16
     UNITED AIR LINES, INC., et al.,
17
            Defendants.
18

19

20   LEON MILLER,                           Case No.15-cv-00457-VC  (JSC)

            Plaintiff,
21
            v.
22
     UNITED AIR LINES, INC., et al.,
23
            Defendants.
24

25

26       Upon review of the record in these related cases, and having held a discovery conference

27   with the parties on November 13, 2017, the Court orders discovery to be completed as set forth

28   below.

### 1.    Depositions of Plaintiffs

United shall take the depositions of Mr. Miller, Mr. Wilson, and Mr. John on the dates previously noticed.  Defendants shall have up to 14 hours per plaintiff.  An addition to the seven hour default limit in the Federal Rules of Civil Procedure is reasonable given that each plaintiff has his own independent claims and needs to be deposed about liability and damages.  While United previously deposed Mr. John and Mr. Miller, the district court ruled that this deposition time would not count against United's time.  (*John*, 15-00475-VC, Dkt. No. 92 at 46.)  Indeed, Mr. John and Mr. Miller, through counsel, agreed that they were to be re-deposed.  (*Id.* at 42.)

### 2.    Written Discovery

The parties shall complete responses to written discovery served before July 23, 2017 (that is, served at least 30 days before the close of the extended fact discovery deadline).  Accordingly, United shall complete the production they contend was paused in light of prior counsel's indication that he was going to move to withdraw.  If any of that uncompleted production relates to the jobs applied for by these plaintiffs, United shall produce the relevant discovery before each plaintiff's deposition.  To the extent Mr. Miller, Mr. Wilson, and Mr. John were served with deposition notices prior to July 23, 2017 that included requests for production of documents, they shall comply with those Notices.

Any discovery disputes regarding the outstanding written discovery shall be brought to the Court's attention as follows.  First, the parties must meet and confer in person or by telephone on or before November 22, 2017.  Second, if the meet and confer is not wholly successful, the party seeking to compel a further production shall serve the opposing party with his/its portion of the joint letter brief required by the Court's Standing Order on or before noon on November 29, 2017. The opposing party shall serve its responsive portion of the letter brief on or before the close of business on December 1, 2017.  The moving party shall file the letter brief (including any added reply portion) with the Court by close of business December 4, 2017.

### 3.    Depositions of United

Plaintiffs may use in this action (whether in opposition to summary judgment, at trial or otherwise) any depositions that were taken by the bellwether plaintiffs; however, they may not

2

1    notice any further depositions.  Fact discovery reopened in these cases on April 12, 2016.  (*John*,

2    115-00475 VC, Dkt. No. 120.)  In March 2017, the district court ordered a fact discovery deadline

3    of June 27, 2017.  (Dkt. No. 247 at 5.)  Plaintiff's counsel moved for a stay of the action due to

4    lead counsel's health on May 31, 2017.  (*Id.* Dkt. No. 253.)  On June 8, 2017, the district court

5    stayed the case until July 2, 2017, and extended the fact discovery cut-off to August 28, 2017.  (*Id.*

6    Dkt. No. 257.)  More than two months later, on August 21, 2017, Plaintiffs' counsel moved to

7    withdraw.  (Dkt. No. 260.)  Prior to that date—which was one week before the expiration of the

8    extended fact discovery deadline—Plaintiffs did not notice any United depositions and did not

9    otherwise do anything to schedule any depositions, including even identifying any potential

10   United witnesses to United.  The district court held a telephonic hearing the following day.  Once

11   again Plaintiffs' counsel did not suggest that Plaintiffs still had depositions to notice and take even

12   though counsel specifically discussed the scheduling of Plaintiffs' depositions.  (*Id.* Dkt. No. 264

13   at 19.)

14          New counsel made an appearance on October 10, 2017.  The district court set the

15   dispositive motion hearing deadline for March 1, 2017 with trial scheduled for May 21, 2018.  (*Id.*

16   Dkt. No. 269.)  The undersigned magistrate judge held a discovery conference with the parties on

17   October 23, 2017.  The Court ordered the parties to meet and confer and devise a discovery plan

18   and submit the plan by November 9, 2017.  (*Id.* Dkt. No. 277.)  The parties filed separate

19   submissions, but Plaintiffs have still not identified any additional United depositions.  In any

20   event, it is too late.  The extended fact discovery deadline came and went.  Plaintiffs are bound by

21   the action or inaction of previous counsel.

22          **IT IS SO ORDERED.**

23   Dated:  November 14, 2017

24   _____
     JACQUELINE SCOTT CORLEY
25   United States Magistrate Judge

26

27

28

3